# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Rogelio Salinas, *on behalf of himself and others similarly situated*, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Dignity Collect LLC, | |
| Defendant. | |

**Nature of this Action**

1. Rogelio Salinas ("Plaintiff") brings this class action against Dignity Collect LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service,

1

without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant has its principal place of business in this district.

## Parties

7. Plaintiff is a natural person.

8. Plaintiff resides in Bexar County, Texas.

9. Defendant is a Missouri limited liability company that operates as a debt collector.[1]

10. Defendant is located in Cass County, Missouri.

## Factual Allegations

11. Plaintiff is, and has been, since around 1998, the sole and customary user of his cellular telephone number—(XXX) XXX-0842.

12. In or around 2023, Defendant began placing calls, or directing a third party to place calls, to Plaintiff's cellular telephone number, (XXX) XXX-0842.

---

[1] *See* https://www.dignitycollect.com/ (last visited November 2, 2023).

13. For example, Defendant placed calls, or directed a third party to place calls, to telephone number (XXX) XXX-0842 on June 26, 2023, June 29, 2023, July 3, 2023, July 7, 2023, August 15, 2023, September 8, 2023, September 15, 2023, September 26, 2023, September 28, 2023, October 4, 2023, among numerous other dates.

14. In connection with the subject calls, Defendant delivered to telephone number (XXX) XXX-0842 artificial or prerecorded voice messages.

15. For example, on August 15, 2023, Defendant delivered to telephone number (XXX) XXX-0842 an artificial or prerecorded voice message that states:

> Sherry Reed Holmes. Hello, this is Steve Young in the business office. Please return my call to (210) 429-7016. When you call, please refer to your account number 5393945.

16. In connection with the subject calls, Defendant delivered to telephone number (XXX) XXX-0842 at least twenty-three identical artificial or prerecorded voice messages.

17. When Plaintiff returned a call to the 7016 phone number, the person who answered the phone informed him that he had reached Defendant.

18. On October 11, 2023, Plaintiff answered a call from Defendant and told it that Defendant had the wrong number.

19. Nonetheless, Defendant continued to call, or directed a third party to call, telephone number (XXX) XXX-0842, and deliver artificial or prerecorded voice messages, including on October 17, 2023, October 19, 2023, October 25, 2023, and October 31, 2023.

20. Plaintiff listened to the artificial or prerecorded voice messages that Defendant delivered to telephone number (XXX) XXX-0842.

21. Defendant placed its calls, or directed a third party to place calls on its behalf, to telephone number (XXX) XXX-0842 intending to reach "Sherry Reed Holmes."

3

22. Plaintiff is not "Sherry Reed Holmes."

23. Plaintiff does not know "Sherry Reed Holmes."

24. Plaintiff does not have an account with Defendant.

25. Plaintiff did not provide telephone number (XXX) XXX-0842 to Defendant.

26. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0842.

27. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-0842.

28. Defendant placed the subject calls, or directed a third party to place the subject calls, to telephone number (XXX) XXX-0842 for non-emergency purposes.

29. Defendant placed the subject calls, or directed a third party to place the subject calls, to telephone number (XXX) XXX-0842 voluntarily.

30. Defendant placed the subject calls, or directed a third party to place the subject calls, to telephone number (XXX) XXX-0842 under its own free will.

31. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-0842.

32. The subject prerecorded voice messages are generic.

33. Defendant delivered identical prerecorded voice messages to telephone number (XXX) XXX-0842 on at least twenty-three occasions.

34. There are no pauses or breaks in speech in the prerecorded voice messages as is common in a normal live speech pattern.

35. In each prerecorded voice message, a different voice provides the account number than the voice which speaks on the remainder of the message.

4

36. Given the generic nature and the content of the messages, including the delivery of numerous identical messages at different intervals, the subject messages Defendant delivered to telephone number (XXX) XXX-0842 were prerecorded in nature.

37. Defendant's records will identify each call it placed to telephone number (XXX) XXX-0842.

38. Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-0842.

39. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-0842, in connection with which Defendant used an artificial or prerecorded voice message, in that Plaintiff suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

40. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

42. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Dignity Collect LLC placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account in collections with Dignity Collect LLC, (3) in connection with which Dignity Collect LLC used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

43. Excluded from the class are Defendant, Defendant's officers and directors,

members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

45. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

46. The proposed class is ascertainable because it is defined by reference to objective criteria.

47. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

48. Plaintiff's claims are typical of the claims of the members of the class.

49. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

50. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

51. Plaintiff's claims are based on the same theories as the claims of the members of the class.

52. Plaintiff suffered the same injuries as the members of the class.

53. Plaintiff will fairly and adequately protect the interests of the members of the class.

54. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

55. Plaintiff will vigorously pursue the claims of the members of the class.

56. Plaintiff has retained counsel experienced and competent in class action litigation.

57. Plaintiff's counsel will vigorously pursue this matter.

58. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

59. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

60. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

62. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

63. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

64. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

65. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

66. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

67. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

68. There will be little difficulty in the management of this action as a class action.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-68.

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or directed a third party to place, to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

71. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed, or directed a third party to place, to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

72. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 2, 2023

/s/ *Anthony E. LaCroix*
Anthony E. LaCroix
LaCroix Law Firm, LLC
1600 Genessee, Suite 956
Kansas City, Missouri 64102
Tele: (816) 399-4380
tony@lacroixlawkc.com

Local Counsel for Plaintiff and the proposed class

James L. Davidson*
Aaron D. Radbil*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
aradbil@gdrlawfirm.com

Alex D. Kruzyk*
Pardell, Kruzyk & Giribaldo, PLLC
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tel: (561) 726-8444
akruzyk@pkglegal.com

Counsel for Plaintiff and the proposed class

*to seek admission pro hac vice